UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| **Lauren E. Suggs,** | ) | |
| | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | |
| **Greenville Technical College,** | ) | Jury Trial Requested |
| | ) | |
| | ) | |
| Defendant. | ) | |

**NOW COMES PLAINTIFF, LAUREN SUGGS,** and complains as follows:

**INTRODUCTION**

Lauren E. Suggs was a student at Greenville Technical College (GTC), in Greenville, South Carolina. She suffers from Tourette Syndrome and Obsessive-Compulsive Disorder. She was dismissed from the Occupational Therapy Assistant program at GTC in January of 2022 as a result of the school's failure to accommodate her during fieldwork/clinical experiences. She was the victim of discrimination on the basis of her disabilities, and retaliation for having complained about her treatment. Plaintiff seeks damages and equitable relief from Greenville Technical College (hereafter "GTC") for failing to accommodate her disabilities during her program of study at GTC, in violation of Title II of the Americans with Disabilities Act.

**PARTIES AND JURISDICTION**

1. This Court has jurisdiction over this matter under the Americans with Disabilities Act of 1990, 42 USC § 12131 *et seq.*

2. Venue is proper in the District Court of South Carolina, Greenville Division, pursuant to 28 U.S.C. § 1391(a) because the defendant GTC is subject to personal jurisdiction within

the United States District Court for the District of South Carolina, Greenville Division, plaintiff Lauren E. Suggs (hereinafter "Plaintiff" or "Suggs") resides within the District Court of South Carolina, Greenville Division, and the events that gave rise to this action occurred within the District Court of South Carolina, Greenville Division.

3. Suggs is a citizen and resident of Abbeville County, South Carolina.

4. Defendant GTC is located within Greenville County, South Carolina and is a political subdivision of the State of South Carolina.

## FACTUAL BACKGROUND

5. Suggs enrolled in the Occupational Therapy Assistant (hereinafter "OTA") Program at GTC in the fall of 2018. Before that time, she had made GTC officials aware of her diagnosis of Tourette Syndrome, which has recognized associated disabilities.

6. The OTA Program is roughly divided into two segments, the didactic or classroom segment, and the clinical segment.

7. At the start of the didactic segment, Suggs was provided with a form for students with disabilities to describe the kinds of accommodations she would need. She filled out that form and there were no issues in that segment of the program.

8. Suggs finished the didactic segment with a 3.4 GPA.

9. The GTC OTA program requires that a student successfully complete two fieldwork experiences, or courses. Each student is provided with three opportunities to do so.

10. Suggs was to participate in her first fieldwork course in the summer of 2020. Due to the Covid-19 pandemic, that course was moved to the Fall of 2020.

11. At the start of the clinical segment no solicitation of needed accommodations was provided to her.

12. Suggs was provided no accommodations and GTC officials discouraged and interfered with her efforts to even communicate her needs to site officials.

13. Suggs failed the Fall 2020 fieldwork course based on petty complaints about her work.

14. On January 22, 2021, in anticipation of the start of her upcoming Spring fieldwork course, Suggs met with Suzie Johnston ("Johnston"), the site coordinator at Beacon Inc.

15. Suggs brought with her an informal list of proposed accommodations, although she had, again, been discouraged from doing so by GTC officials.

16. Johnston expressed little interest in the information and told Ms. Suggs not to bring the proposed accommodations to the site when she started.

17. Before the end of the second day of the fieldwork experience, Ms. Suggs was asked to leave the site permanently.

18. The reasons provided by Johnston were untrue or laughable. GTC did nothing to intervene and Ms. Suggs was given a failing grade on that fieldwork course, as well.

19. Following this experience, Suggs prevailed upon Dr. Matteel Knowles, the GTC Vice President of Student Affairs, for assistance. At that time, she provided Dr. Knowles a formal list of accommodations that had been provided by the South Carolina Department of Vocation and Rehabilitation.

20. Rather than supporting Suggs, or attempting to find another site, GTC accepted the failing grade, and dismissed her from the OTA program.

21. Suggs filed a grievance with GTC.

22. While her grievance was pending, Suggs threatened legal action, and the parties sought to resolve the matter through negotiation. After protracted negotiations

that ran into October of 2021, GTC agreed to offer her two more opportunities to get the two required clinical experiences.

23. That same month, October, GTC arranged for Suggs to take her fall 2021 clinical at Spartanburg Regional Healthcare System, in Spartanburg, South Carolina (hereinafter "SRHS").

24. Suggs provided to SRHS, in advance, an ADA Accommodation Request Form along with the Voc Rehab list of proposed accommodations.

25. The setting in which Suggs had been placed was an in-patient, acute care facility. In that setting, OTAs were expected to review a patient's history, develop a treatment plan, conduct the treatment session, and complete documentation for up to 10 patients per day.

26. Suggs worked, in good faith, with the SRHS officials piece together enough accommodations to make it work. She hoped the site would adopt the proposed accommodations or reduce the caseload. At times, Suggs felt that her relationship with SRHS was undermined by her own school staff.

27. These conversations continued through the month of November and into December,

28. The site requirements, particularly the pace and the caseload, presented obstacles for Ms. Suggs, based on her disabilities.

29. Through November and into December, Suggs continued her efforts to work within the requirements of SRHS. By email of November 30, 2021, Health Sciences Dean Candice Lewis informed Suggs that the caseload could be reduced from ten to seven per day, however, Suggs was never able to reach Lewis to confirm or clarify that news.

30. As is the case in any profession, even a typical, non-disabled individual may not be successful in every environment, every setting within a profession. The fact that Ms.

Suggs could not be successful in the acute care setting does not mean she could not be a successful OTA in numerous other settings. It began to seem increasingly clear that SRHS was not going to work out and that GTC would need to find another site for her.

31. By letter of December 8, 2021, counsel for Suggs pointed this out to counsel for GTC, pointed out that GTC had a legal obligation to help Suggs find a program at which, with appropriate accommodations, she was more likely to be successful.

32. Counsel for GTC responded with remarks of an insulting nature but said he would be back in touch. GTC's handbook at the time explicitly stated: "Accommodations will not be available during fieldwork experiences," which is in blatant violation of the law.

33. By letter of December 17, 2021, counsel for Suggs again encouraged counsel for GTC to review the many other clinical opportunities there were, and to work with Suggs. At the time, GTC had approximately 80 agreements with sites across the state that could have accommodated Suggs.

34. By letter of January 14, 2022, without even addressing GTC's obligation to work with Suggs to find an appropriate setting, Dean Candice Lewis notified Ms. Suggs that she was dismissed from the program because she had not accepted the placement at SRHS.

## FOR A FIRST CAUSE OF ACTION

(Failure to Accommodate in Violation of the Americans with Disabilities Act of 1990, 42 U.S. § 12131 *et seq.*)

35. Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth herein verbatim.

36. Under Title III of the ADA, GTC had an obligation to provide reasonable accommodations in every aspect of Plaintiff's participation in the OTA program. This included accommodations during the fieldwork courses.

37. GTC took the position that it could not control the fieldwork sites, or demand that any particular site afford accommodations. GTC took the position that merely arranging a site was its sole responsibility.

38. GTC deflected the question of whether it had an obligation to help Suggs find, among the 80 at its disposal, a site at which she could be accommodated.

39. GTC's definitive statement that it would not accommodate Suggs was set forth in a January 14, 2022, letter from Dean Lewis, dismissing her from the program.

## FOR A SECOND CAUSE OF ACTION

(Retaliation In Violation of the Americans with Disabilities Act of 1990 942 U.S.C. § 12131 et. *seq.*)

40. Plaintiff repeats and realleges each and every allegation of this Complaint as if fully set forth herein verbatim.

41. Defendant's January 14, 2022, decision to dismiss Suggs from the OTA Program was in retaliation against Suggs for seeking to enforce her rights under the Americans with Disabilities Act.

## PRAYER FOR RELIEF

Plaintiff seeks to be reinstated into the GTC OTA Program, compensatory damages, lost wages she would have earned had she been permitted to finish the program at that time, emotional distress, punitive damages, attorney's fees and statutory interest, and such other and further damages as this Court shall deem proper and just.

>RESPECTFULLY SUBMITTED,
>
>s/ John F. Emerson
>
>John F. Emerson (D.S.C. Bar # 05900jfe)
>EMERSON LAW, LLC
>1470 Ben Sawyer Blvd., Suite 15
>Mount Pleasant, SC  29464
>(843) 929-0606
>john@johnemersonlaw.com

Date of Signing: January 14, 2025