IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lauren E. Suggs,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Greenville Technical College,<br><br>　　　　　Defendant(s). | C.A. No.: 6:25-cv-00264-DCC<br><br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |

　　　　Defendant, Greenville Technical College (hereinafter "Defendant"), hereby responds to Plaintiff's Complaint in accordance with the numbered paragraphs thereof, as follows:

## INTRODUCTION

**Unnumbered Paragraph:** The allegations in this Paragraph set forth Plaintiff's statement of the case and contains conclusions of law and do not require a response. To the extent a response is required, the allegations in this unnumbered paragraph are denied.

## PARTIES AND JURISDICTION

　　　　1.　　　　The allegations in this paragraph are jurisdictional in nature and do not require a response. To the extent a response is required, the allegations in paragraph 1 are denied.

　　　　2.　　　　The allegations in this paragraph are jurisdictional in nature and do not require a response. To the extent a response is required, the allegations in paragraph 2 are denied.

　　　　3.　　　　Defendant is without sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 3. To the extent that Paragraph 3 attempts to establish liability on the part of the Defendant, these allegations are denied.

　　　　4.　　　　Admitted.

1

## FACTUAL BACKGROUND

5. Defendant admits only that Plaintiff enrolled in the OTA Program at GTC in the Fall of 2018. The remaining allegations of Paragraph 5 are denied.

6. Admitted.

7. Admitted.

8. Defendant admits only that Plaintiff completed the didactic program with a 3.355 GPA. The remaining allegations of Paragraph 8 are denied.

9. Admitted.

10. Admitted.

11. Denied as stated. Defendant admits only that Plaintiff failed to initiate a request for accommodations for the clinical segment as required at this level of the program. The remaining allegations of Paragraph 11 are denied.

12. Denied.

13. Denied as stated. Defendant admits only that Plaintiff failed her 2020 fieldwork course due to failure to meet professional standards. The remaining allegations of Paragraph 13 are denied.

14. Admitted.

15. Defendant is without sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 15. To the extent that Paragraph 15 attempts to establish liability on the part of the Defendant, these allegations are denied.

16. Defendant is without sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 16. To the extent that Paragraph 16 attempts to establish liability on the part of the Defendant, these allegations are denied.

17. Denied as stated. Defendant admits only that Plaintiff was asked to leave the clinical site and not return. The remaining allegations of Paragraph 17 are denied.

18. Denied as stated. Defendant admits only that Plaintiff received a failing grade in the fieldwork course due to Plaintiff's failure to meet professional standards in accordance with OTA Program policies. The remaining allegations of Paragraph 18 are denied.

19. Defendant is without sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 19. To the extent that Paragraph 19 attempts to establish liability on the part of the Defendant, these allegations are denied.

20. Defendant admits only that Plaintiff was dismissed from the OTA Program for failing two fieldwork courses in accordance with OTA Program policy. The remaining allegations of Paragraph 20 are denied.

21. Admitted.

22. Defendant admits only that the Parties reached a Settlement Agreement which removed one of Plaintiff's two fieldwork course failures which allowed Plaintiff to re-enter the OTA program. Upon re-entry of the program, Plaintiff could only fail one course without dismissal from the program. The remaining allegations of Paragraph 22 are denied.

23. Admitted.

24. Defendant is without sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 24. To the extent that Paragraph 24 attempts to establish liability on the part of the Defendant, these allegations are denied.

25. Admitted.

26. Defendant is without sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 26. To the extent that Paragraph 26 attempts to establish liability on the part of the Defendant, these allegations are denied.

27. Defendant is without sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 27. To the extent that Paragraph 27 attempts to establish liability on the part of the Defendant, these allegations are denied.

28. Defendant is without sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 28. To the extent that Paragraph 28 attempts to establish liability on the part of the Defendant, these allegations are denied.

29. Defendant admits only that Candice Lewis emailed SRHS that it would be acceptable for Plaintiff to have a lighter case load of 7 patients by the end of her 12 weeks if SRHS was willing to accommodate. However, Plaintiff attended the site for two (2) days and did not return and stopped communicating with SRHS. The remaining allegations of Paragraph 29 are denied.

30. Defendant is without sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 30. To the extent that Paragraph 30 attempts to establish liability on the part of the Defendant, these allegations are denied.

31. Defendant admits only receipt of an email from counsel for Plaintiff on December 8, 2021. The remaining allegations of Paragraph 31 are denied.

32. Denied.

33. Defendant is without sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 33. To the extent that Paragraph 33 attempts to establish liability on the part of the Defendant, these allegations are denied.

34. Defendant admits only that the January 14, 2022 letter dismissed Plaintiff from the OTA Program for breach of the Settlement Agreement for failure to accept placement at a clinical site which is considered a clinical failure. This requirement was included in the Settlement Agreement and Plaintiff was forewarned that refusal to accept placement would result in a failure and breach of the Settlement Agreement. The remaining allegations in Paragraph 34 are denied.

## FOR A FIRST CAUSE OF ACTION
(Failure to Accommodate in Violation of the Americans with Disabilities Act of 1990, 42 U.S. § 12131 *et seq.*)

35. Defendant realleges and incorporates all of the responses outlined above as if set forth herein.

36. Denied.

37. Denied as stated. Defendant has the authority to identify a clinical site. The level of accommodations are determined by the clinical site based on the essential functions of the job as established by the clinical site and in accordance with the ADA. The remaining allegations in Paragraph 37 are denied

38. Denied.

39. Denied.

## FOR A SECOND CAUSE OF ACTION
(Retaliation in Violation of the Americans with Disabilities Act of 1990, 42 U.S. § 12131 *et seq.*)

40. Defendant realleges and incorporates all of the responses outlined above as if set forth herein.

41. Denied.

## PRAYER FOR RELIEF

As to Plaintiff's prayer for relief, Defendant respectfully requests that the Court deny Plaintiffs' request and demand strict proof thereof.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts all defense available under Rule 8(c)(1) of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's causes of actions fail because Defendant did not deprive Plaintiff of any constitutional or statutory rights.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff requests punitive damages, these damages are not permitted against the Defendant under the ADA.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Defendant did not violate any clearly established rights of Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for failure to accommodate fail as the Defendant did not deny Plaintiff any reasonable accommodations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for failure to accommodate fails as GTC and Plaintiff executed a Settlement Agreement on October 15, 2021 which provided Plaintiff with an opportunity to re-enter the OTA Program.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for retaliation fails as the Defendant dismissed Plaintiff from the OTA Program for breach of the Settlement Agreement when she did not accept placement at a clinical site which is considered a clinical failure per the OTA Program Student Policy Manual-2020.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for failure to accommodate fails as the Defendant only has the authority to identify a clinical site. The level of accommodations are determined by the clinical site based on the essential functions of the job as established by the clinical site and in accordance with the ADA.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff, by her own conduct, is estopped from seeking relief requested in the Complaint

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant denies each and every allegation which is not expressly and specifically admitted in this Answer.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant at all times complied with the Americans with Disabilities Act of 1990.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant removed Plaintiff from the OTA Program for legitimate, non-discriminatory, non-retaliatory actions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for retaliation fails because there is no causal connection between any alleged protected activity and dismissal from the OTA Program.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant at all times engaged in the interactive process with Plaintiff in good faith.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's request for accommodations sought to modify the OTA Program requirements, such request is unreasonable and is an undue hardship as it seeks to alter the OTA Program.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this Answer to assert any additional affirmative defenses based upon either the relevant law or facts and circumstances which may be disclosed throughout the course of discovery.

**WHEREFORE**, having answered the Complaint of Plaintiff, the Defendant prays that judgment be entered in its favor against Plaintiff, dismissing the Complaint with prejudice and awarding the Defendant costs and any reasonable attorney's fees as permitted by law.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Respectfully submitted,

BOYKIN & DAVIS, LLC

By: s/Tierney F. Goodwyn
    Charles J. Boykin (Fed. Bar #6310)
    Kenneth A. Davis (Fed. Bar #9048)
    Tierney F. Goodwyn (Fed. Bar # 12146)

    220 Stoneridge Drive, Suite 100
    P.O. Box 11844
    Columbia SC 29211
    Telephone: 803-254-0707
    Facsimile: 803-254-5609

    cjboykin@boykinlawsc.com
    kdavis@boykinlawsc.com
    tgoodwyn@boykinlawsc.com

Attorneys for Defendant

May 2, 2025
Columbia, South Carolina